UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-03892-MWF (ASx)**               **Date:  June 17, 2026**
Title:     Nelson Guillermo Villacres Medina v. Nissan North America, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

          Deputy Clerk:                      Court Reporter:
          Rita Sanchez                       Not Reported

          Attorneys Present for Plaintiff:   Attorneys Present for Defendant:
          None Present                       None Present

**Proceedings (In Chambers):**          ORDER DENYING PLAINTIFFS' MOTION
                                        TO REMAND [8]

Before the Court is Plaintiff Nelson Guillermo Villacres Medina's Motion to Remand (the "Motion"), filed on May 13, 2026.  (Docket No. 8).  Defendant Nissan North America, Inc., filed an Opposition on May 28, 2026.  (Docket No. 11).  Plaintiff filed a Reply on June 5, 2026.  (Docket No. 14).

The Motion was noticed to be heard on **June 17, 2026.**  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**.  Defendant has carried its burden of establishing that removal was proper based on diversity jurisdiction.

## I.    BACKGROUND

On October 15, 2024, Plaintiff purchased a new 2025 Nissan Kicks (the "Vehicle") manufactured by Defendant for $43,926.00.  (Complaint (Docket No. 1-1) ¶¶ 6–7).  In connection with the purchase, Plaintiff received various warranties.  (*Id.* ¶ 9).  Following the purchase, Plaintiff alleges that defects manifested in the Vehicle, including that the "start/stop does not work" and that "when putting vehicle into ECO mode it goes back to standard while driving."  (*Id.* ¶ 12).  Plaintiff presented the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 26-03892-MWF (ASx)**                **Date:  June 17, 2026**
Title:        Nelson Guillermo Villacres Medina v. Nissan North America, Inc., et al.

and repair of the defects, but Plaintiff alleges that Defendant failed to service or repair the Vehicle in conformance with the express warranties provided to Plaintiff.  (*Id.* ¶¶ 11–14).

Based on the above allegations, Plaintiff brings two claims for relief under the Song–Beverly Act ("SBA"): (1) breach of implied warranty of merchantability and (2) breach of express warranty.  (*Id.* ¶¶ 15–35).  Plaintiff seeks, among other forms of relief, "replacement or restitution" and "a civil penalty as provided in [the SBA], in an amount not to exceed two times the amount of Plaintiff's actual damages."  (*Id.* at 9 (listing relief sought in Prayer for Relief)).

Plaintiff commenced this action in Los Angeles County Superior Court on October 3, 2025.  (*See generally id.*).  Defendant filed an Answer on April 10, 2026. (Docket No. 1-2).  On April 13, 2026, Defendant removed this action on the basis of diversity jurisdiction.  (Notice of Removal ("NOR") (Docket No. 1)).

## II.    **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 26-03892-MWF (ASx)**                  **Date:  June 17, 2026**
Title:       Nelson Guillermo Villacres Medina v. Nissan North America, Inc., et al.

## III.    DISCUSSION

Plaintiff challenges the removal of this action from state court based on the complete diversity of the parties and the amount in controversy.  (*See generally* Motion; *see also* Reply at 2–4 (suggesting, for the first time, that the parties lack diversity of citizenship)).

### A.       Diversity of Citizenship

Plaintiff argues that Defendant has failed to establish complete diversity because "Defendant's allegation [in the NOR] concerning the citizenship of Plaintiff, based only on an allegation of residence, is insufficient to plausibly allege Plaintiff's citizenship."  (Reply at 3).

Despite Plaintiff's suggestion to the contrary, "a notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).  Following a defendant's removal, a plaintiff may either make a "'facial' or 'factual' attack on defendant's jurisdictional allegations." *Harris v. KM Industrial*, 980 F.3d 694, 700 (9th Cir. 2020).  "Only upon a *factual* attack does [the defendant] have an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (emphasis added).

Here, Plaintiff only contests the sufficiency of Defendant's citizenship allegations, not their truth, which constitutes a facial attack.  *See Harris*, 980 F.3d at 699.  Should Plaintiff have wished to factually attack Defendant's allegations, he should have presented competing evidence or reasoned argument undermining Defendant's factual allegations that Plaintiff is a citizen of California.

Defendant need only "include a plausible allegation" of jurisdictional facts to survive a facial attack, *see Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020), and Defendant's allegations in the NOR are sufficient to meet the plausibility standard.  Defendant alleges Plaintiff is a citizen of California based on the residence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 26-03892-MWF (ASx)**                 **Date:  June 17, 2026**

Title:        Nelson Guillermo Villacres Medina v. Nissan North America, Inc., et al.

information included in Plaintiff's Complaint and revealed in Defendant's preliminary investigation.  (NOR at 3–4).

Accordingly, Defendant has made a sufficient showing that Plaintiff is a citizen of California and that complete diversity exists with Defendant, which is a citizen of Michigan and Delaware.  (*See id.*).

### B.        **Amount in Controversy**

Plaintiff also challenges Defendant's removal on the grounds that Defendant cannot establish that the amount in controversy meets the threshold requirement.  (*See generally* Motion).  Specifically, Plaintiff argues that the alleged amount in controversy, based on the actual damages, civil penalties, and attorney's fees available under the SBA, is too speculative and therefore insufficient to establish jurisdiction. (*Id.*).

As to damages, Plaintiff seeks restitution under the SBA (*see* Complaint at 9), and "[i]n the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid or payable by the buyer" subject to any statutory offsets.  Cal. Civ. Code § 1793.2(d)(2)(B).  While Defendant initially estimated actual damages as $39,350.88 (NOR at 5), Plaintiff asserts that "[a] statutory repurchase would amount to approximately $35,371 repurchase to Plaintiff."  (*Id.* at 6 (emphasis omitted)).

Even accepting Plaintiff's estimation of restitution damages ($35,371), the sum of that estimate plus the two-times civil penalty amount is $106,113.00, which exceeds the jurisdictional threshold.  *See, e.g.*, *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 1003 (C.D. Cal. 2021) (denying a motion to remand after finding the amount in controversy satisfied based on "the amount of actual damages available as restitution" of $25,018.70, which when adding the civil penalty of twice the amount ($50,037.40), amounted to a total of $75,056.10 in controversy).

And despite Plaintiff's argument to the contrary (Motion at 6–9), Defendant's inclusion of civil penalties is proper.  A plaintiff who establishes that a violation of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 26-03892-MWF (ASx)                **Date:  June 17, 2026**

Title:       Nelson Guillermo Villacres Medina v. Nissan North America, Inc., et al.

SBA was willful may recover civil penalties of up to two times the amount of actual damages.  Cal. Civ. Code § 1794(c).  As this Court has repeatedly held, civil penalties may be considered in assessing the amount in controversy for an SBA claim.  *See, e.g.*, *Zepeda v. Ford Motor Co.*, No. EDCV 25-01464-MWF (SHKx), 2025 WL 2650358, at *2–3 (C.D. Cal. Sept. 16, 2025); *see also Letter*, 2025 WL 3187652, at *4 ("Civil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake — or in controversy — in the litigation." (cleaned up)).  Proof of liability is not a prerequisite to including civil penalties in the amount in controversy, as that would nonsensically require a defendant "to prove the case against itself."  *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB (JCx), 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021).  Here, civil penalties may be considered as Plaintiff seeks civil penalties under the SBA and alleges that Defendant's conduct was "knowing" and "intentional."  (Complaint at 9; *id.* ¶ 32).

Accordingly, Defendant has made a sufficient showing that the amount in controversy threshold is met.  Because the threshold is clearly met with only the alleged actual damages plus civil penalties, the Court need not consider Plaintiff's argument regarding the inclusion of attorney's fees.  (Motion at 9–11).

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.